**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YANCEY E. BAILEY             : | |
|       Plaintiff             : | |
|       v                     : | Civil Action No. CCB-04-4011 |
|                              : | (Consolidated Case CCB-05-93) |
| W.B. CUSTER, *et al.*       : | |
|       Defendants            : | |

o0o
## MEMORANDUM

Pending in this civil rights case is defendants' motion to dismiss or for summary judgment, which shall be construed as a motion for summary judgment . Paper No. 10. Plaintiff was advised of his right to file an opposition to defendants' motion and of the consequences of failing to oppose the motion. Paper No. 11. Although he requested additional time within which to file an opposition, he has filed nothing further in this case. Papers No. 12, 15 and 17. Upon review of the papers filed, this court finds that a hearing in this matter is not necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the motion for summary judgment shall be granted.

**Background**

Plaintiff claims that on November 14, 2004 he was assaulted by Officers Custer and Fazenbaker when he refused to return to his cell.[1] Paper No. 1 at p. 3. He alleges that while he was handcuffed behind his back, defendants pulled up on his handcuffs and shoved him down the hallway into his cell. *Id*. at pp. 3– 4. Plaintiff claims he requested to see medical staff after he was put into his cell because he believed his arm was broken, but his request was denied. *Id*.

---

[1] Plaintiff states he refused to return to his cell because his cell mate was threatening to harm him physically. Paper No. 1.

at p. 4.  He further claims he was forced to wait 19 hours before he was permitted to seek medical care.  *Id*.  In his amended complaint, plaintiff alleges that Officer Fazenbaker assaulted him again on November 30, 2004.  Paper No. 6, p. 4..  Plaintiff claims that Officer Fazenbaker bent his right wrist to  such a degree that it caused a handcuff to leave a mark on his arm. *Id*.

Defendants allege that the November 14, 2004, incident as described by plaintiff never occurred and that plaintiff was returned to his cell without incident.  Paper No. 10 at p. 2 and Ex. 1.  In support of this statement, defendants point out that refusing to return to an assigned cell is grounds for an institutional rule violation with which plaintiff was never charged.  *Id*. at Ex. 2. The following day plaintiff was issued a notice of infraction for holding his feed-up slot open and for refusing to obey an order to remove his arm from the slot.  *Id*. at Ex. 3, p. 15.  Plaintiff was seen by medical staff approximately 2 ½ hours after the incident occurred.  At that time he reported his version of the November 14, 2004 events.  *Id*. at Ex. 5, p. 3.   Based on plaintiff's report and the appearance of his arm,[2] he was referred to radiology for an x-ray of his right forearm.  *Id*.  The x-ray revealed that plaintiff's right forearm was sprained.  He was provided ice and ibuprofen for one week.  *Id*.

On November 30, 2004, plaintiff was issued a notice of infraction[3] for allegedly pulling Officer Frantz' arm through the feed-up slot in his cell door.  *Id*. at Ex. 6.  Officer Frantz had returned plaintiff to his cell after he had received a shower and ordered plaintiff to place his

---

[2] Plaintiff's forearm was mildly swollen with a lump just below the elbow.  Paper No. 10 at Ex. 5, p. 3.

[3] An adjustment hearing was held on December 2, 2004.  Plaintiff pled guilty to the charges alleged in the notice of infraction and, as a penalty, received 200 days of segregation, revocation of 200 days of good conduct credit, and one year loss of visits.  Paper No. 10 at Ex. 3, pp. 6– 7.  The penalty was reduced to 150 days segregation and no loss of good conduct credits after plaintiff appealed to the warden.  *Id*. at pp. 1– 5.

hands through the feed up slot so that his hands could be uncuffed.[4]  After the left handcuff was removed, plaintiff pulled  Frantz's left arm through the feed up slot.  *Id*.  Two officers,  Dorcon and Fazenbaker, assisted Frantz in pulling his arm back out of the slot.  *Id*.  Officer Fazenbaker further assisted in removing the handcuff from plaintiff's right wrist.  *Id*. at p. 10.  As a result of this assault, Officer Frantz received a scrape to his left wrist.  *Id*.  Plaintiff was taken to the medical unit where he was treated for a superficial scrape to his right wrist.  *Id*. at p. 15.  On December 3, 2004, plaintiff complained that his wrist still hurt.  *Id*. at Ex. 7.  He was seen by medical staff on December 5, 2004, but no injuries, bruising, or swelling were noted during the exam.  *Id*.

Plaintiff wrote a letter to the warden on December 29, 2004, alleging that he had been assaulted by his cell mate, Officer Custer and Officer Fazenbaker.  Paper No. 10 at Ex. 8.  Plaintiff's allegations were investigated by Lt. True, who interviewed plaintiff on January 7, 2005.  *Id*. at Ex.8 and 9.  During that interview, plaintiff admitted that the allegations raised in his letter to the warden were falsely made in order to obtain a move to another cell.  *Id*.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam*

---

[4] At the time of the incident plaintiff was housed in the disciplinary segregation unit.

*Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.

1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986).

The facts in this case are undisputed. To the extent that force was used against plaintiff, it was used in response to his misconduct. The superficial nature of plaintiff's injuries is evidence that the amount of force used was only that which was necessary to obtain his compliance with a lawful order. In light of the evidence presented, there simply are no factual issues in this case that could be resolved in plaintiff's favor. Accordingly, defendants are entitled to summary judgment. A separate order follows.


  August 25, 2005                                    /s/
Date                                        Catherine C. Blake
                                            United States District Judge